925 F.2d 1480
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eric CRAWFORD, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3406.
 United States Court of Appeals, Federal Circuit.
 Jan. 23, 1991.
 
 Before NIES, Chief Judge, and RICH and MAYER, Circuit Judges.
 NIES, Chief Judge.
 
 
 1
 Eric Crawford appeals from a decision of the Merit Systems Protection Board, Crawford v. U.S. Postal Service, No. SL07528910507 (Dec. 20, 1989), dismissing his appeal because he failed to demonstrate good cause for the untimeliness of his appeal. We vacate and remand.
 
 DISCUSSION
 
 2
 Crawford was removed from his position as a mail handler effective on August 12, 1989. Under the rules of the Board, he had twenty days in which to file an appeal, that is, until September 1, 1989. Crawford filed his appeal six days late on September 7, 1989. As reason for an extension of time, Crawford established that he was hospitalized from August 23-30, a period of 7 days, because of medical (mental) disability. The Administrative Judge denied any extension of the time period for filing under the standards of Alonzo v. Dept. of the Air Force, 4 M.S.P.R. 180, 184 (1980), which includes as one ground, "the existence of unavoidable casualty or misfortune." We hold that the Administrative Judge's ruling was an abuse of discretion.
 
 
 3
 Crawford's time in the hospital exceeded the time of his delay in filing. The Administrative Judge stated that the record does not indicate Crawford was "mentally incapable of perfecting an appeal to the Board while he was hospitalized", Crawford, No. SL07528910507, slip op. at 4; that there was no explanation of why, "if he was cleared medically to return to work on [August 30], he could not also have filed an appeal as of that date," Id. at 5; and that Crawford "has not demonstrated the existence of circumstances beyond his control, i.e., mental incapacity, which prevented him from filing a timely appeal." Id. (Emphasis added)
 
 
 4
 An appellant need not demonstrate the impossibility of filing an appeal on time but merely good cause for delay. The Administrative Judge's judgment that a person in the hospital for mental treatment, or indeed, for any treatment must diligently pursue appeal rights while confined, or on the day of release, is divorced from the reality of normal behavior. Tolling the time for the period of his hospitalization or granting an extension for the length of his hospitalization would afford him only a total of twenty days in which to file and would make his filing within nineteen days timely.
 
 
 5
 We conclude that the Administrative Judge applied the standard of "good cause" too strictly in this case and thereby abused his discretion.
 
 
 6
 Accordingly, we vacate the Board's decision and remand with instructions to institute Crawford's appeal. We express no opinion on the merits of the case.